FILED
February 12, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 11:11 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Paul Mayhew, | ) | DOCKET #: 2015-06-0995 |
|     Employee, | ) | |
| v. | ) | STATE FILE #: 67543-2014 |
| New Action Mobile Industries, | ) | |
|     Employer, | ) | Chief Judge Kenneth M. Switzer |
| and | ) | |
| Berkshire Hathaway | ) | |
| Homestate Ins. Co., | ) | |
|     Insurance Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING THE REQUESTED MEDICAL BENEFIT

This matter came before the undersigned workers' compensation judge on February 8, 2016, on the Request for Expedited Hearing filed by the employee, Paul Mayhew, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Mayhew is entitled to an appointment with a pain management physician. For the reasons set forth below, the Court finds he is not and denies his request.[1]

### History of Claim

Mr. Mayhew is a forty-eight-year-old resident of Trousdale County, Tennessee. (T.R. 1 at 1.) He worked for New Action as a service technician. (Ex. 4.) On August 25, 2014, Mr. Mayhew sustained a work-related injury (Ex. 2 at 1), which New Action accepted as compensable. New Action provided a panel, from which he chose Dr. Douglas Mathews. (Ex. 5.) Dr. Mathews treated Mr. Mayhew's injury conservatively for several months. (Ex. 1 at 18-35.)

On both February 2, 2015, and April 1, 2015, Dr. Mathews wrote in "follow-up notes" that Mr. Mayhew would get a second opinion. (Ex. 1 at 16, 6.) On the latter date,

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Charles Ludwig, FNP, wrote a referral for the second opinion. (Ex. 7.) New Action provided a panel, from which Mr. Mayhew selected Dr. George Lien on June 12, 2015. (Ex. 8). On September 8, 2015, Dr. Lien saw Mr. Mayhew and recommended x-rays. (Ex. 1 at 37.) According to Mr. Mayhew's affidavit, the carrier denied this request. (Ex. 3 at 2.)

At Mr. Mayhew's last visit to Dr. Mathews on June 3, 2015, a one-page treatment note stated, in relevant part:

> He has had one epidural shot which helped a little bit, he had a second one which did not provide any relief. He has had improvement with physical therapy. I have nothing further to offer him at this time. Recommendations would be further evaluation with a functional capacity exam 9 months out from his injury, he is at maximum medical improvement.

(Ex. 2 at 5; Ex. 1 at 5.) FNP Ludwig wrote a referral for Mr. Mayhew to pain management on June 16, 2015, as did Dr. Mathews on June 24, 2015. (Ex. 2 at 6.) New Action offered a panel of pain management specialists, from which Mr. Mayhew chose Dr. Robert Clendenin on July 31, 2015. (Ex. 2 at 10.) For unknown reasons, Dr. Clendenin declined to see Mr. Mayhew, and New Action offered a subsequent panel, from which he chose Dr. Jeffrey Hazlewood on August 3, 2015. (Ex. 2 at 7.)

Rather than schedule an appointment with Dr. Hazlewood, New Action's carrier sent a letter (date unknown) to Dr. Mathews, which New Action did not introduce into evidence. Dr. Mathews wrote a response summarizing Mr. Mayhew's treatment on September 14, 2015, as follows:

> [Mr. Mayhew] was last seen by me on 06/03/2015. He reported being at least 85% better taking Valium and occasional Percocet and at the time he was not working. He did have one epidural steroid shot. I did not feel there was any further treatment that could reliably make him feel better and I felt he was at maximum medical improvement as of 06/03/2015. . . . I did not recommend further treatment as he was already 10 months out from his injury and did not feel further treatment could reliably make him better.

(Ex. 1 at 3; Ex. 2 at 8.) The carrier wrote a follow-up letter on December 17, 2015, asking if pain management was still indicated. (Ex. 1 at 2.) Dr. Mathews wrote on the letter, "No." *Id.*

On August 21, 2015, Mr. Mayhew filed a Petition for Benefit Determination seeking medical and temporary disability benefits.[2] The parties did not resolve the

---

[2] Mr. Mayhew additionally checked the box "Permanent Disability Benefits" on the Petition for Benefit

disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice on September 28, 2015. Mr. Mayhew filed a Request for Expedited Hearing on November 12, 2015, and January 6, 2016.

At the Expedited Hearing, Mr. Mayhew testified he still experiences pain and needs "something to take the edge." He takes Ibuprofen three times per day. On cross-examination, Mr. Mayhew stated he returned to work for another employer approximately three months ago. He testified regarding the final encounter with Dr. Mathews that he "told me I needed to go see pain management. I asked him if he was going to prescribe any more. He said I would need to see pain management." Mr. Mayhew denied calling Dr. Mathews' office back after June 3, 2015, to inquire about pain management.

Mr. Mayhew asserted he remains entitled to pain management treatment with Dr. Hazlewood, since there are no clinical findings to support Dr. Mathews' unusual change of heart. New Action made a similar argument, in that the June 3, 2015 notes contain no reference to the necessity of pain management. New Action maintained Mr. Mayhew failed to satisfy his burden under *McCord v. Advantage Human Resourcing, infra,* to show that he is entitled to pain management, given that Dr. Mathews opined it is no longer indicated. New Action argued further discovery in the form of Dr. Mathews' deposition would shed light on the necessity of pain management. For now, however, the questionnaire responses indicate Dr. Mathews no longer thinks pain management is appropriate. Therefore, New Action asserted it is not obligated to authorize it.

### Findings of Fact and Conclusions of Law

In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury

---

Determination. However, this issue is not properly before the Court at this time, as the purpose of an expedited hearing is solely interlocutory relief. Mr. Mayhew's entitlement to permanent disability benefits shall be determined at a compensation hearing, should the parties be unable to settle the matter. The Dispute Certification Notice lists temporary total disability as an issue. New Action seeks a credit for past temporary total disability benefits, but stated an intent to reserve the issue until later in the case. Mr. Mayhew also checked a number of issues regarding discovery and past mileage/medical expenses, but stated he was merely preserving his right to raise such issues at a later date, should it become necessary. Therefore, the Court makes no ruling on these issues at this time.

by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

The Workers' Compensation Law provides that the employer shall furnish, free of charge to the employee, such treatment made reasonably necessary by the accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). The employer shall designate a group of three or more independent, reputable physicians from which the injured employee shall select one to be the treating physician. *See* Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). "Any treatment recommended by a physician . . . selected pursuant to this subdivision (a)(3) . . . shall be *presumed to be medically necessary for treatment of the injured employee.*" Tenn. Code Ann. § 50-6-204(a)(3)(H) (2015). Further, "[i]f a treating physician determines that pain is persisting for an injured or disabled employee beyond an expected period for healing, the treating physician may prescribe . . . or refer, such injured or disabled employee for pain management encompassing pharmacological, nonpharmacological and other approaches to manage chronic pain." Tenn. Code Ann. § 204(j)(1) (2015).

At the expedited hearing, this Court expressed concern regarding the carrier's actions, or to be more precise, *inactions,* to date. Notably, Dr. Mathews recommended a second opinion in early February and again in early April 2015, yet the carrier did not offer a panel until June and did not schedule an appointment until September. Further, after Dr. Mathews wrote the referral for pain management, the carrier appeared to honor that request by providing Mr. Mayhew a panel of pain management physicians, twice. But rather than scheduling the appointment or seeking utilization review pursuant to Tennessee Compilation Rules and Regulations 0800-02-06 (2015), it sought additional information from Dr. Mathews questioning the necessity of pain management. In addition, the Court notes the carrier continued to pursue a policy of inaction in apparently failing to approve a simple x-ray requested by the authorized second-opinion doctor. Mr. Mayhew found this frustrating.

Mr. Mayhew's frustration is reasonable. The carrier's inaction is subject to a potential penalty. *See* Tenn. Code Ann. § 50-6-118(11) (2015). The Court refers this matter to the penalty division for consideration of penalties for both delay in obtaining an authorized second opinion and in failing to make a pain management appointment after referral by the ATP and a timely and proper selection by Mr. Mayhew.

Nonetheless, the issue before this Court is whether to order New Action to schedule an appointment with the selected pain management physician. Undeniably, Dr. Mathews, the panel physician, and FNP Ludwig wrote referrals for Mr. Mayhew to pain management. Mr. Mayhew testified convincingly that he continued throughout the period of inaction to suffer pain related to the injury. The Workers' Compensation Law dictates a presumption that the pain management referral is medically necessary. The

question becomes whether the September and December 2015 "letters" negate the original referral or at least call it into question in such a fashion as to prevent the Court from concluding that Mr. Mayhew would prevail at a hearing on the merits on this issue.

The Court concludes New Action's assertion that Mr. Mayhew has not met his burden of proof under *McCord* is well-taken. This Court cannot conclude as a matter of law, upon the record presently before it, that Mr. Mayhew is likely to prevail at a hearing on the merits regarding this particular issue. Mr. Mayhew's medical benefits remain intact. The Court cannot reverse time and order a referral, especially when the ATP's opinion on this issue arguably has changed. Based on the record, it is not clear to the Court why Dr. Mathews changed his opinion about the referral. Should Mr. Mayhew return to see Dr. Mathews, which he has a right to do, perhaps further clarification may follow on the issue of pain management referral, and the parties may resolve this simple issue without further resort to the Court.

Mr. Mayhew's request for an order directing New Action to schedule an appointment with Dr. Hazlewood is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Mayhew's claim against New Action and its workers' compensation carrier for the requested medical benefit is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on April 4, 2016, at 9:30 a.m. Central time.

**ENTERED this the 12th day of February, 2016.**

**Chief Judge Kenneth M. Switzer,**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

5

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any

6

argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1) Employer's Medical Records
2) Employee's "Amended Table of Contents" including:
   o Berkshire Hathaway payment ledger
   o June 16 and 24, 2015 referrals for pain management
   o Form C-42, Choice of Physician, September 3, 2015, selecting Dr. Hazlewood
   o Dr. Mathews' September 14, 2015 letter to Greg Haus, claims adjuster
   o Form C-42, Choice of Physician, July 31, 2015, selecting Dr. Clendenin
3) Affidavit of Paul Mayhew, November 12, 2015
4) FROI, August 27, 2014
5) Form C-42, Choice of Physician, undated, selecting Dr. Mathews
6) Wage Statement, September 12, 2014
7) Referral, FNP Ludwig, April 1, 2015 (second opinion)
8) Form C-42, Choice of Physician, June 12, 2015, selecting Dr. Lien

Technical record:[3]
1) Petition for Benefit Determination, August 21, 2015
2) Mr. Mayhew's lawyer's August 27, 2015 email to the mediator clarifying the issues for determination (position statement)
3) Dispute Certification Notice, September 28, 2015; incorporates additional issues listed in Mr. Mayhew's counsel's email to the mediator on September 24, 2015, as well as Mr. Fuller's September 24, 2015 email regarding the payment ledger
4) Request for Expedited Hearing, November 12, 2015
5) Request for Expedited Hearing, January 6, 2016 (Re-filed)
6) Employer's Brief in Opposition to Employee's Petition for Medical Benefits and Temporary Total Disability Benefits, January 15, 2016
7) Brief in Support of Employee's Petition for Medical Benefits and Temporary Total Disability Benefits, January 28, 2016
8) Motion in Limine, February 4, 2015

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of February, 2016.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Justin Denton, Employee's attorney | | X | jdenton@rma-law.com |
| Greg Fuller, employer's attorney | | X | Ghfuller@mijs.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov